UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TIMOTHY MCGREAL, Plaintiff,<br><br>v.<br><br>CITY OF CORPUS CHRISTI, TEXAS, et al., Defendants. | Civil Action No. 2:26-cv-89 |

# Defendant Nueces County's Motion to Dismiss (in Response to First Amended Complaint)

To the Honorable District Judge:

The first amended complaint (Doc. 25) of plaintiff Timothy McGreal does not allege sufficient facts that would: (1) plausibly support a constitutional violation, either arising from a use of excessive force or from a failure to protect McGreal from other prisoners; and (2) plausibly support the required *Monell* elements, which are necessary for Nueces County's liability for any such constitutional violation.

Nueces County therefore moves, under Rule of Civil Procedure 12(b)(6), for dismissal of the claims against it.

## I. The complaint does not plausibly allege any constitutional violation.

### A. The complaint does not state facts sufficient to allege an unconstitutional use of force.

McGreal's complaint alleges that, on April 4, 2024, jailers used excessive force against him. *1st Am. Complaint* (Doc. 25), at 20-22. "Force used against a

pretrial detainee is 'excessive' in violation of the Fourteenth Amendment if it was 'objectively unreasonable.'" *Wood v. Bexar County*, 147 F.4th 534, 550 (5th Cir. 2025). "To determine reasonableness, we weigh several factors: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quot. omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

In deciding whether McGreal sufficiently pleaded an excessive-force claim, a court must "first identify the allegations that are not entitled to the assumption of truth." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 442 (5th Cir. 2015). For example, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor do "naked assertions devoid of further factual enhancement." *Id.* (quot. omitted). Thus, the pleading of a claim may

be "too conclusory to survive a motion to dismiss without further allegations." *Bosarge*, at 442.

McGreal's excessive-force complaint is conclusory. *See 1st Am. Complaint* (Doc. 25), at 20-22. He does not describe the events leading to the use of force. *See id.* He does not describe the conduct during the use of force, except to refer to a nursing record that stated that McGreal "was taken to the ground" and struck "the left side of his head against the metal bed in his cell." *Id.* at 20. McGreal says that he "was not attempting to flee" but otherwise does not describe his conduct. *See id.* at 20-22.

Of the six reasonableness factors identified above, McGreal's complaint only touches upon the second factor – the extent of his injury. He describes the injury as "a scalp laceration requiring ten staples and subsequent medical treatment." *Id.* at 21. The complaint provides no information regarding the other five factors.

These scant allegations fall short of "facial plausibility" because the "factual content" is insufficient for a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Indeed, McGreal's complaint resembles the insufficient complaint in *Hughey v. Tippah County*, No. 3-18-cv-004, 2024 WL 3280653 (N.D. Miss. July 2, 2024). There, the plaintiff alleged that an arresting officer "proceeded to kick and beat" him, "fracturing several ribs and rupturing his spleen in the process." *Id.* at *1. The court explained that the plaintiff's "version of events, as described in the complaint, leave major gaps regarding [his] own conduct." *Id.* at *4. "The Plaintiff must plead facts

about his own actions during the apprehension so the Court can assess whether the Officer employed force that was disproportionate to the need." *Id.* (quot. omitted).

To the extent additional matters can be considered, they only underscore the insufficiency of McGreal's allegations to support an excessive-force claim. McGreal pleaded additional facts in his original complaint. "Admissions in superseded pleadings may lose their binding force, but they nevertheless retain value as evidentiary admissions." *Sanders v. Univ. of Tex. Pan Am.*, 776 Fed. Appx. 835, 837-838 (5th Cir. 2019) (quot. omitted). A court may take judicial notice of admissions in superseded pleadings when deciding a motion to dismiss. *See id.* (approving the practice). This is merely an application of the rule that, "[w]hen reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quot. omitted).

In his original complaint, McGreal acknowledged that he "was on a transfer list" and "had refused to pack his belongings." *Complaint* (Doc. 1), at 23. He refused to move without a "state federal agent" arriving to ensure his safety. *Id.* at 23-24. McGreal acknowledged a "physical struggle" but "disputes the characterization of his resistance under the circumstances then present." *Id.* at 24. These statements indicate that McGreal was, at the very least, uncooperative during the attempt to move him – a circumstance that supports a use of force.

A court may also "consider documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Favre v. Sharpe*, 117 F.4th 342, 344 (5th Cir. 2024) (quot. omitted). The first amended complaint refers to "contemporaneous use-of-force reports" that describe the incident. *1st Am. Complaint* (Doc. 25), at 21. According to McGreal, the reports "do not consistently describe, reconcile, or expressly account for [the] reported mechanism of injury." *Id.* at 20; *see also id.* at 21. McGreal apparently asserts that, because the reports are inconsistent, an inference of excessive force may be drawn. *See id.* at 20-21.

The reports of jailers Zachary Suarez, Jaden Clement, Ryan Esquivel, and Clayton Sowders are attached, as is the report of Sergeant Olivia Gutierrez. *See Exh. 1 (Doc. 28-1)* (reports).[1] According to the reports, McGreal caused conflict with neighboring prisoners by throwing water at their cells, refused transfer to another unit, held his cell door shut until Gutierrez threatened to use her Taser, resisted efforts to place him in hand restraints, engaged in a physical struggle that included reaching for Suarez's neck, and refused to walk even after the hand restraints were

[1] A declaration is provided to verify these reports. *See, e.g., Johnson v. Bowe*, 856 Fed. Appx. 487, 492 (5th Cir. 2021) (ordering dismissal of claims against individual defendants, noting that "documents [attached to dismissal motion] are verified by an affidavit").

Neither Nueces County nor its co-defendants Zachary Suarez and Jaden Clement (who incorporate this part of the motion into their own motion to dismiss) request consideration of this motion as a motion for summary judgment. If the Court concludes that it cannot consider the reports or the superseded complaint at the motion-to-dismiss stage, the defendants ask that the Court decide this motion based on the contents of the amended complaint and any additional materials that the Court concludes that it can consider.

applied. *See Exh. 1A*, at 3, 6-7, 20-21 *(Doc. 28-1, at 5, 8-9, 22-23)* (Suarez, Gutierrez, Clement reports). After the struggle, jailers took McGreal to the second-floor medical unit and then the third-floor medical unit for treatment of a laceration on McGreal's head. *Exh. 1*, at 3-4, 5, 6-7, 13, 21-22 *(Doc. 28-1, at 5-6, 7, 8-9, 15, 23-24)* (Suarez, Sowders, Gutierrez, Esquivel, Clement reports).

While some reports provide details that are not in other reports, the reports tell a consistent story about the use of force in response to McGreal's refusal to cooperate and his resistance to efforts to restrain and move him. Any differences in the reports' content are insufficient to "draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To recap, McGreal's amended complaint is too skeletal to state a plausible claim of excessive force in violation of his due-process rights. The pleading of this claim is merely "labels and conclusions" and other "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quot. omitted). Moreover, Fifth Circuit precedent does not allow McGreal to avoid adverse facts that he previously pleaded, and even if the jail officers' reports are considered, a reasonable inference of liability still cannot be drawn.

Because the amended complaint does not state a constitutional violation by an excessive use of force, McGreal's excessive-force claims against the County – as well as the individual officers – must be dismissed.

## B. The complaint does not state a plausible failure-to-protect claim.

### *1. The* Farmer *deliberate-indifference standard applies.*

The *Farmer* deliberate-indifference standard applies to claims arising from a failure to protect a prisoner from injury. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Hare v. City of Corinth*, 74 F.3d 633, 647-648 (5th Cir. 1996) (en banc). This standard applies to claims "based on a failure to prevent harm", *Farmer*, at 834, and claims asserting a failure to provide "basic human needs, such as medical care and safety". *Hare*, at 647-648. This standard applies to both convicted prisoners under the Eighth Amendment, *Farmer*, at 834, and to pretrial detainees under the Due Process Clause. *Hare*, at 650.

Under the *Farmer* standard, a prisoner must "prove objectively that he was exposed to a substantial risk of serious harm." *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002), *citing Farmer*, at 834. This requires "a strong likelihood rather than a mere possibility" that serious harm will occur. *Cagle v. Sutherland*, 334 F.3d 980, 986 (11th Cir. 2003).

A plaintiff must also show that "the official was subjectively aware of the risk." *Farmer*, at 829; *see also Hare*, at 650. This requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, at 837. Finally, the plaintiff must show that the officer acted with "deliberate indifference" to his knowledge of the risk. *Id.* at 844-845; *Hare*, at 650. In addition to satisfying *Farmer*'s deliberate-indifference standard, a plaintiff must also show that the

defendant's deliberate indifference caused the plaintiff's injury. *See, e.g., Burns v. City of Galveston*, 905 F.2d 100, 103 (5th Cir. 1990) (alleged omission was not legal cause of injury).

### *2. McGreal's allegations do not satisfy the* **Farmer** *standard.*

McGreal's amended complaint does not plead facts that, if true, would show that a jail official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, actually drew the inference, and responded with deliberate indifference. *See 1st Am. Complaint* (Doc. 25), at 22-25 (failure-to-protect allegations). The Fifth Circuit has repeatedly affirmed dismissals, on the pleadings, where complaints were defective in that manner. *See, e.g., Gottke v. Winn Correctional Ctr.*, 789 Fed. Appx. 479, 480 (5th Cir. 2020) (claims by assaulted prisoner).[2]

McGreal's amended complaint does not state facts that, if true, would "prove objectively that he was exposed to a substantial risk of serious harm." *Lawson*, 286 F.3d at 262; *see also 1st Am. Complaint* (Doc. 25), at 22-26. This is a fatal problem for the claim because, "to determine what the plaintiff must plausibly allege at the outset of a lawsuit, we usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Natl. Assn. of African American-Owned Media*, 589 U.S.

[2] *See also, e.g., Vela v. Garcia*, 728 Fed. Appx. 285, 286 (5th Cir. 2018) (claims by assaulted prisoner); *Brumfield v. Natchitoches Parish Detention Ctr.*, 689 Fed. Appx. 309, 309-310 (5th Cir. 2017) (same); *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (same).

327, 332 (2020). There is "no basis for allowing a complaint to survive a motion to dismiss when it fails to allege essential elements of a plaintiff's claim." *Id.* at 340-341. The complaint must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Although McGreal alleges verbal threats and harassment by another prisoner, the *Farmer* standard requires exposure to an objectively substantial risk of serious harm. *Lawson*, at 262; *Farmer*, 511 U.S. at 834. Ample authority exists that verbal threats and harassment alone do not satisfy that standard. *See, e.g., Corbett v. City of Rockport*, No. 2:24-cv-102, 2024 WL 5690588, *6-8 (S.D. Tex. Oct. 8, 2024) (citing several opinions), *memo. and rec. adopted* 2025 WL 1009124 (S.D. Tex. Apr. 4, 2025). McGreal does not allege any facts to show that a substantial risk existed that other prisoners were capable of, and likely to commit, conduct beyond threats and harassment and thereby cause serious injury to him. *See 1st Am. Complaint* (Doc. 25), at 22-25.

The *Farmer* standard also requires that a jail officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, at 837. McGreal's amended complaint does not explain how any jail officer was aware of sufficient facts to draw an inference that a substantial risk of serious harm existed, nor does the complaint explain how any jail officer must have drawn that inference. *See 1st Am. Complaint* (Doc. 25), at 22-25.

The complaint also does not allege facts that, if true, would show that a jail officer acted with "deliberate indifference" to his knowledge of such a risk. *Farmer*, at 844-845; *Hare*, 74 F.3d at 650. Likewise, the complaint fails to allege facts that, if true, show that the jail officer's deliberate indifference caused McGreal to suffer a compensable injury.

Indeed, McGreal identifies no compensable injury to support a failure-to-protect claim. In at least the Eighth Amendment context, the Fifth Circuit has explained that "verbal abuse and threatening language and gestures do not give rise to a cause of action under §1983." *Ponce v. Lucas*, 590 Fed. Appx. 444, 445 (5th Cir. 2015). The similarity of failure-to-protect causes of action under the Eighth Amendment and the Due Process Clause requires a similar result in pretrial-detainee cases. *See Hare*, 74 F.3d at 650 (discussing that similarity). Moreover, "at least two other circuits have held that a failure to prevent exposure to the risk of harm does not rise to a constitutional violation absent a showing that the threat materialized and that physical harm resulted." *Corbett*, 2024 WL 5690588, at *8 (citing Sixth and Seventh Circuit opinions).

In attempting to plead his failure-to-protect claim, McGreal has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quot. omitted). He must allege sufficient factual material to support all the "essential elements" of the claim. *Comcast*, 589 U.S. at 340. Yet, his factual allegations are insufficient to support even one essential

element. Because he has not pleaded sufficient facts to meet the plausibility standard, his failure-to-protect claim must be dismissed.

## II. The complaint does not state a plausible *Monell* claim.

The liability of local-government entities under 42 U.S.C. §1983 is governed by the framework established in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). "To state a *Monell* claim against [Nueces] County, [McGreal is] required to plead facts that plausibly establish: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020) (quot. omitted).

A threshold problem is that McGreal has "failed to plausibly allege a constitutional violation." *Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020). This alone is reason to dismiss his *Monell* claim on the pleadings. *Id.* (affirming such a dismissal). "As is well established, every *Monell* claim requires an underlying constitutional violation." *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017) (quots. omitted).

McGreal has also failed to plausibly allege an official policy that could support a *Monell* claim.

The Fifth Circuit "has identified three routes to establishing an 'official policy' for the purposes of municipal liability." *Cambric v. City of Corpus Christi*, 170 F.4th 321, 325 (5th Cir. 2026). "First, a policy statement formally announced

by an official policymaker." *Id.* (quot. omitted). "Second, a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* (quot. omitted). "And third, a single unconstitutional act by a final policymaker." *Id.*

McGreal has pleaded nothing to establish a policy under the first or third routes or that such a policy was the "moving force" for the constitutional violation. *See 1st Am. Complaint* (Doc. 25), at 27-28. He does not allege a formally announced policy statement or a single unconstitutional act by a final policymaker, let alone that any such statement or act caused the complained-of occurrence. *See id.*

McGreal relies on the second route. But his factual allegations, even if true, are insufficient. McGreal has not alleged facts to show any "persistent widespread practice … so common and well settled as to constitute a custom" that existed before and caused the complained-of occurrence. *Cambric*, 170 F.4th at 324-325 (quot. omitted). His complaint's policy allegations resemble those in *Ratliff*, in which "the complaint's only specific facts appear in the section laying out the events that gave rise to this action" and thus did not do anything "more than describe the incident that gave rise to his injury." 948 F.3d at 285 (quot. omitted). Any general allegation that "does not contain any specific facts" is insufficient to adequately plead a municipal policy using the second route. *Id.*

Thus, because the complaint does not sufficiently allege the elements for the County's liability under *Monell*, McGreal's 42 U.S.C. §1983 claims against the County must be dismissed.

## Prayer for relief

For the reasons stated in this motion, Nueces County asks that the Court grant this motion and order that McGreal's claims against the County are dismissed with prejudice. To make the dismissal final, the County also asks that the Court expressly determine that there is no just reason for delay and that the Court direct entry of a final judgment on those claims. *See* FED. R. CIV. P. 54(b). The County also asks for any other relief to which it is entitled.

Respectfully submitted,

/s/ Brian Miller
Brian Miller, Attorney-in-Charge
State Bar No. 24002607
Federal I.D. No. 21994

Myra K. Morris
State Bar No. 14495850
Federal I.D. No. 13611

Christopher DeRose
State Bar No. 24122570
Federal I.D. No. 3837002

ROYSTON RAYZOR
VICKERY & WILLIAMS L.L.P.
802 N. Carancahua St., Suite 1300
Corpus Christi, TX 78401
Tel. No. (361) 884-8808
Fax No. (361) 884-7261

Email for service:
eservbmiller@roystonlaw.com,
eservmmorris@roystonlaw.com,
christopher.derose@roystonlaw.com

*Counsel for defendants Nueces County, Zachary Suarez, and Jaden Clement*

## Certificate of Service

I certify that this document was served on all other counsel of record using the CM/ECF system on August 19, 2026.

/s/ Brian Miller
Brian Miller